IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 0 5 2011

JAMES N. HATTEN, Clerk
Deputy Clerk

| | |
|---|---|
| NOEL BRALLEY, et al., | ) |
| | ) |
| Plaintiffs, | ) **1 11-MI-0002** |
| | ) CIVIL ACTION FILE |
| v. | ) **WBH** |
| | ) NO. 3:10-CV-00138-RFP |
| MARK A. CAREY, et al., | ) (Pending in the Eastern District |
| | ) of Virginia, Richmond Division) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF NONPARTY VANDENBERG, CHASE
AND ASSOCIATES, LLC'S MOTION TO QUASH SUBPOENA TO
PRODUCE DOCUMENTS, INFORMATION OR OBJECTIONS OR
TO PERMIT INSPECTION OF PREMISES IN CIVIL ACTION
AND MOTION FOR SANCTIONS**

I.   **FACTUAL BACKGROUND**

This matter arises from the issuance of a subpoena (the "Subpoena") upon a nonparty and Georgia resident, Vandenberg, Chase & Associates, LLC (hereinafter "VCA"). The Subpoena purports to be issued out of the United States District Court for the Northern District of Georgia but with origins in the State of Virginia. The Plaintiffs purport to have a judgment against the respective Defendants and is now seeking information from VCA about its prior relationship with the Defendants.

Without performing any sort of due diligence or contacting the nonparty to make inquiry as to whether a subpoena would be appropriate or necessary in this matter, Plaintiffs served a subpoena upon VCA requesting a myriad of documents and information. (*See* Affidavit of Chris Norman ("Aff."), ¶ 2 (attached hereto as Exhibit "A").)

Upon receipt of the subpoena, a representative of VCA, Mr. Chris Norman (hereinafter "Mr. Norman"), contacted counsel for Plaintiffs, Dale Pittman (hereinafter "Mr. Pittman"), and asked Mr. Pittman why he was serving a subpoena on VCA. (Norman Aff., ¶ 3.) Mr. Pittman is a purported consumer lawyer. Mr. Pittman averred that Defendant Mark A. Carey ("Defendant") owed him money, at which time Mr. Norman informed him that the Defendant had performed some legal work for VCA in the past but that Defendant was not an employee of VCA. (Norman Aff., ¶4.) Mr. Norman informed Mr. Pittman that compliance with the Subpoena was an undue burden in terms of time, expense and the cost of hiring counsel to review it. (Norman Aff., ¶ 5.) Presumably, Mr. Pittman is seeking income and assets that he can seize. Defendant is not employed by nonparty VCA and thus there are no assets or income to seize and no wages to garnish. (Aff., ¶ 6.) This Subpoena becomes even more burdensome in light of the fact that nonparty VCA is now being asked to provide documents that – even if not otherwise

2

protected as privileged or proprietary – will prove to be irrelevant and will not give Mr. Pittman what he wants.

Because the Defendant did not work for VCA and because the information sought in the Subpoena would also violate VCA's attorney-client privileges and confidential and proprietary material, Mr. Norman asked that Mr. Pittman withdraw the Subpoena. (Aff., ¶ 7.) Plaintiffs' counsel refused and insisted on compliance. (Aff., ¶ 8.) Plaintiffs' counsel went so far as to tell Mr. Norman that there was no need for VCA to hire its own lawyer and that VCA should just comply with the Subpoena. (Aff., ¶ 8.)

Mr. Norman believes that Mr. Pittman is using this Subpoena as an opportunity to delve into Mr. Norman's business and attempt to discover information that is private, confidential, privileged and proprietary. (Aff., ¶ 9.)

## II. ARGUMENT AND CITATION OF AUTHORITIES

A court must quash a subpoena if it subjects a person to undue burden. See Fed. R. Civ. P. 45(c)(3)(A)(iv). Moreover, Rule 45(c)(3)(A)(iii) provides that a court must quash a subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Lastly, a court may quash a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. Pr. 45(c)(3)(B)(i).

As noted above, VCA has already informed counsel for Plaintiffs that it would be a burden in terms of time and expense to respond to this Subpoena, especially in light of the fact that the person whose information Plaintiffs seek is not an employee at VCA. (Aff., ¶ 10.) Production of the information sought would require VCA to assign an employee to research and gather the requested materials and then pay a lawyer to do a document review to ensure that none of the documents is privileged, proprietary or confidential. (Aff., ¶ 11.) For financial reasons alone, VCA is not in a position to comply with this Subpoena. (Aff., ¶ 12.) VCA has already been forced to hire the undersigned to provide this Motion to Quash. (Aff., ¶ 13.)

Regardless of VCA's inability to comply with the Subpoena for financial reasons, the Subpoena must be quashed because the information sought by Plaintiffs would violate VCA's right to privacy, its right to attorney-client privilege and the right to have its documents protected as attorney work product. The Subpoena calls for:

> 1. Any employment contracts <u>or other</u> contracts, agreements, memoranda, or other documents to things of any kind or character, omitting nothing therefrom, related in any way to any employment or other working relationship at any time from January 1, 2007 through the present by or between Vanderberg Chase and Associates, LLC, or any person or entity affiliated therewith, and The Law Offices of Mark A. Carey, P.C., or Mark A. Carey, or anyone else associated in any way with either The Law Offices of Mark A. Carey, P.C., or Mark A. Carey. (emphasis added).

4

2. All invoices ever received by Vanderberg Chase and Associates, LLC, or anyone on its behalf, from anyone specifying services provided to or requesting payment from Vandenberg Chase and Associates, LLC, to or for the benefit of either The Law offices of Mark A. Carey, P.C., or Mark A. Carey.

3. All checks or other means of payment ever made by or on behalf of Vandenberg Chase and Associates, LLC, or any person or entity affiliated therewith, or anyone on its behalf, to or for the benefit of either The Law Offices of Mark A. Carey, P.C., or Mark A. Carey

*See* Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action attached hereto as Exhibit "B."

The Subpoena is so vague and overbroad as to encompass materials that are protected from disclosure or discovery. The sheer number of possible disclosures prevents listing them all here. As one example, the Subpoena conceivably includes any settlement documents the Defendant negotiated on behalf of VCA and/or any checks sent to Defendant with which to settle personal, confidential and privileged litigation matters. The burden and cost to review information to determine whether it would be privileged would alone be more than VCA can afford.

Pursuant to Fed. R. Civ. Pr. 45(c)(1), the party issuing the subpoena has the responsibility to avoid imposing undue burden or expense on a person subject to the subpoena. Mr. Pittman was put on notice that the Defendant did not work for the nonparty, VCA. Mr. Pittman was informed of the undue burden of time and expense that this Subpoena would impose on the nonparty and yet refused to withdraw the Subpoena. Moreover, as an attorney and officer of the Court, Mr.

5

Pittman knew that the materials he was requesting were legal in nature and therefore privileged. Despite this knowledge, Mr. Pittman insisted on compliance with the Subpoena and improperly attempted to convince Mr. Norman that there was no need to have an attorney review a federal subpoena.

### III. CONCLUSION

For the foregoing reasons, nonparty VCA respectfully requests that the Subpoena filed by Plaintiffs be quashed and that Plaintiffs' counsel be taxed with paying the legal fees of VCA in this matter.

Respectfully submitted, this 5th day of January 2011.

_____
JOHN C. FORBES, JR.
Georgia Bar No. 267709

Attorney for Vandenberg, Chase and Associates, LLC

1200 Buckhead Crossing
Suite A
Woodstock, GA 31089
(866) 374-6613